ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAVID FRANKEL, | No. 13-546C | FILED |
| Plaintiff, | | DEC -3 2013 |
| vs. | Judge F. Allegra | U.S. COURT OF FEDERAL CLAIMS |
| THE UNITED STATES, | | |
| Defendant | | |

**SUR-REPLY TO DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

In their Reply, Defendant states that the Robocall Challenge was not a "procurement" AND it does not constitute a "contract." We contend that it is one or the other, but not neither.

**I.       Robocall Challenge is a Procurement**

The Reply states that this was not a procurement because FTC was not seeking to acquire property or services. The Defendant contends that the payment was not made for acquiring property or services for the use of the Federal Government; rather, it was to "stimulate innovation."

The Challenge rules as published in the Federal Register do not mention "stimulate innovation;" this is taken from the "General" section of the authorizing statute. The published Rules specific to this Challenge are clear that the top-scoring submission(s), as judged according to the objective criteria, will result in the stipulated payment being made for the stated services.

We know well that 1491(b) gives this Court jurisdiction over "an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract…."

1

In that same Reply, in later arguing that the Challenge was not a unilateral contract, Defendant contends that "the Contest rules, which advertise the Contest, define its rules, and request Contestants to submit proposals, are more properly construed as a request for contestants to submit an offer, which the FTC could accept." Thus, Defendant has characterized the Rules as being a "solicitation" per 1491(b).

In the Reply, Defendant argues that "Because Mr. Frankel's offer was not accepted by FTC (citation omitted), Mr. Frankel cannot establish the existence of a contract with the Government." But two other "offers" WERE accepted by FTC, and the Government entered into a contract for services with each, and payments were made.

The fact that the authorizing statute indicates that a motivation for Challenges generally is an intent to "stimulate innovation" does not nullify this procurement process.

## II.   Robocall Challenge is a Contract

Should any uncertainty remain as to whether this was a procurement, we must continue to explore the alternative that it was a contract.

In the Reply, Defendant explains that the Rules cannot constitute an offer because offers are stated (citing *Chattler v. United States*) "in the form of an undertaking, not as a mere prediction or statement of opinion or intention."

In *Chattler*, the parties are debating whether a short statement on a form results in a contract. ("For faster processing, you may request expedited service. Expedited requests will be processed in three workdays from receipt at a passport agency. The additional fee for expedited service is $60.") The Court concludes that for Chattler they do not, but the Court provides at least four specific factors that inform this decision; none are applicable in our case:

i)  In *Chattler*, the word "request" is key. Nothing in the Robocall Challenge Rules characterizes a contestant's entry as a "request" to participate in the Challenge. The FTC has obligated itself to follow its Rules in their entirety, which provide virtually no discretion in how submissions are handled.

ii) In contrast to *Chattler*, The Robocall Challenge IS "stated in the form of an undertaking, not as a mere prediction or statement of opinion or intention."

iii) In *Chattler*, "the Department may decline to accept the expedite request under certain conditions." That is not the case here; as long as the Contestant complies with the Rules, the FTC must accept the submission (and in fact it has already been stipulated that, for the purposes of the Motion, the submission was accepted).

iv) *Chattler* explains: "the single sentence of the provision is a far cry from the comprehensive instruments that typify government contracts under the Federal Acquisition Regulations and in the express contract cases relied on by Chattler." As we have explained previously, the Challenge Rules look very much like a government contract (over 6,000 words, vs. 30 words for *Chattler*).

In contrasting the circumstances at issue in *Chattler* with the circumstances surrounding government contracts generally, the citation supports Plaintiff's contention that the Robocall Challenge Rules are a unilateral contract.

### III. Money Damages are available

Defendant's Reply contends that Plaintiff would not be able to seek monetary damages in an amended Complaint. The Reply states: "In essence, Mr. Frankel is asking this Court to issue a declaratory judgment that he is the proper winner of the contest, and issue an injunction requiring FTC to pay him the prize money."

This is incorrect. In amending the complaint, Plaintiff would ask the Court to instruct the Government to issue Mr. Frankel a check for $50,000. No injunction is required.

Defendant's Reply cites *Doe v. United States*. That case involves pain and suffering and an urgent need for action by the Government; thus the injunction. *Doe* states: "Thus, this case is unlike the … cases cited above, in which injunctive relief would do no more than grant the same

monetary compensation that would result from a grant of money damages, and in which the Tucker Act remedy was otherwise available and fully effective. Here, the complaint contained no request for money damages, and the request for injunctive relief was not equivalent to a request for money damages."

In the instant case, money damages ARE available to Plaintiff Frankel.

## CONCLUSION

In its Reply, Defendant contends that this case involves neither a procurement nor a contract. But it must be one or the other. Defendant's own arguments against the existence of a contract support Plaintiff's contention that it is a procurement. If that still proves wrong, Defendant's cited case supports Plaintiff's argument that there is a contract. And if construed as a contract, Defendant's cited case supports Plaintiff's argument that money damages are available via an amended Complaint.

Respectfully submitted this 2nd day of December, 2013.

David Frankel, Plaintiff
dfrankel@zipdx.com
Tel: +1 800 372 6535 / Fax: +1 815 301 1728

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 2nd day of December, 2013, I caused a copy of this RESPONSE to be transmitted via email to:

Jessica.Toplin@usdoj.gov

_____