

# In the United States Court of Federal Claims

No. 13-546C

(Filed: August 27, 2014)

FILED

AUG 2 7 2014

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| DAVID FRANKEL, *pro se*,            Plaintiff, <br><br> v. <br><br> THE UNITED STATES,            Defendant. | * * * * * * * * * | Contract case; Breach of contract; Bid protest; Motion to dismiss under RCFC 12(b)(1) and 12(b)(6); Contest; Breach of contract; Bid protest – 1491(b)(2). |

**OPINION**

*David Frankel, pro se*, for plaintiff.

*Meen Geu Oh*, Civil Division, United States Department of Justice, with whom was Assistant Attorney General *Stuart F. Delery*, for defendant.

**ALLEGRA, Judge**:

In this action, plaintiff seeks to recover damages based on a claimed breach of contract. That breach occurred, according to plaintiff, when the Federal Trade Commission (FTC) failed to comply with rules it established for evaluating proposals in a contest for developing a technological solution to the problem of automated "robocalls." According to information he garnered through the Freedom of Information Act, 5 U.S.C. § 552, plaintiff alleges that the FTC's failure to comply with the rules left the substantial likelihood that plaintiff's proposal was the winning one. Plaintiff also seeks injunctive relief, as would be applicable in a bid protest action. Defendant has filed a motion to dismiss the complaint under RCFC 12(b)(1) and 12(b)(6). For the reasons that follow, the court **GRANTS**, in part, and **DENIES**, in part, defendant's motion.

## I.  BACKGROUND

A brief recitation of the facts provides necessary context.[1]

---

[1] These facts are primarily drawn from plaintiff's complaint and, for the purpose of this motion, are assumed to be correct. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 589 (2007).

As part of the America COMPETES Reauthorization Act of 2010 (the Act), Federal agencies "may carry out a program to award prizes competitively to stimulate innovation that has the potential to advance the mission of" the agency." 15 U.S.C. § 3719 (2012). Pursuant to the Act, the FTC created a competition – the "FTC Robocall Challenge" (the Contest) – in which the public would "create innovative solutions that [would] block illegal robocalls on landlines and mobile phones." The agency offered a $50,000 prize to the "Best Overall Solution." It issued a set of detailed rules governing how the Contest would be run and how entries would be judged.

Mr. Frankel submitted his proposal to the FTC, but he did not win the contest. Instead, the FTC awarded the monetary prize to two other contestants. Dissatisfied with the results, Mr. Frankel conducted an investigation into whether the FTC complied with the Contest rules. He concluded that this was not the case and that the proposals chosen as winners did not meet the rules. On May 14, 2013, Mr. Frankel filed a protest with the Government Accountability Office (GAO), asserting that the FTC's administration of the Contest did not conform to the rules. On June 7, 2013, GAO dismissed the protest, holding that it lacked jurisdiction because the Contest did not involve an award or proposed award of a contract.

On August 6, 2013, Mr. Frankel filed his complaint with this court. He asserts that the FTC's failure to follow the Contest rules constituted a breach of contract. He also seeks equitable relief in the form of an injunction requiring the FTC to rescore the Contest. He requests that if a rescoring results in a different winner, the court should order the FTC to compensate the "correctly-identified" winners.

On October 28, 2013, defendant filed a motion to dismiss plaintiff's claim for lack of jurisdiction under RCFC 12(b)(1) and failure to state a claim under RCFC 12(b)(6). Subsequent briefing of this motion has been completed. Oral argument is deemed unnecessary.

## II.   DISCUSSION

Deciding a motion to dismiss "starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citations omitted); *see also Twombly*, 550 U.S. at 554-55. In particular, the plaintiff must establish that the court has subject-matter jurisdiction over its claims. *See Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

To survive a motion to dismiss for failure to state a claim under RCFC 12(b)(6), the complaint must have sufficient "facial plausibility" to "allow [ ] the court to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Klamath Tribe Claims Comm. v. United States*, 97 Fed. Cl. 203, 208 (2011), *aff'd*, 2013 WL 4494383 (Fed. Cir. Aug. 23, 2013). The plaintiff's factual allegations must "raise a right to relief above the speculative level" and cross "the line from conceivable to plausible." *Twombly*, 550

U.S. at 555, 570; *see also Dobyns v. United States*, 91 Fed. Cl. 412, 422-28 (2010) (examining this pleading standard). Nevertheless, the Federal Circuit has reiterated that "[i]n ruling on a 12(b)(6) motion to dismiss, the court must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff." *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009); *see also Bank of Guam v. United States*, 578 F.3d 1318, 1326 (Fed. Cir. 2009), *cert. denied*, 130 S. Ct. 3468 (2010); *Petro–Hunt, LLC v. United States*, 90 Fed. Cl. 51, 68 (2009).

This court recognizes that plaintiff is acting *pro se*, and thus it will hold the form of plaintiff's submissions to a less stringent standard than those drafted by an attorney. *See Reed v. United States*, 23 Cl. Ct. 517, 521 (1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Having reviewed plaintiff's complaint, defendant's motion, and the briefing on that motion, this court believes that it has jurisdiction to consider plaintiff's breach of contract claim, which also appears to state a claim under RCFC 12(b)(6), but lacks jurisdiction to consider plaintiff's requests for injunctive relief.

In the court's view, plaintiff has demonstrated that this court has jurisdiction over his breach of contract claim. In plaintiff's view, the competition constituted a unilateral contract which was accepted by plaintiff when he submitted an entry in the competition. Since the court's jurisdiction extends to "express or implied contract[s] with the United States," 28 U.S.C. § 1491, plaintiff believes that he is properly in this court. An express contract "'must be manifested by words, either oral or written, which contains agreement and/or mutual assent.'" *Essen Mall Props. v. United States*, 21 Cl. Ct. 430, 439 (1990) (quoting *Webster Univ. v. United States*, 20 Cl. Ct. 429, 432 (1990)).

The basic elements of contract formation are offer and acceptance. *Essen Mall*, 21 Cl. Ct. at 439; Restatement (Second) of Contracts § 22 (1981). An "offer" is "the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." Restatement (Second) of Contracts § 24. An offer is accepted by "manifestation of assent to the terms thereof made by the offeree in a manner invited or required by the offer." Restatement (Second) of Contracts § 50. In a situation such as a contest or competition, "[w]here an offer invites an offeree to accept by rendering a performance and does not invite a promissory acceptance, an option contract is created when the offeree tenders or begins the invited performance or tenders a beginning of it." *Lucas v. United States*, 25 Cl. Ct. 298, 304 (1992) (quoting Restatement (Second) of Contracts § 45); *see also Simmons v. United States*, 308 F.2d 160, 164 (4th Cir. 1962). The Restatement (Second) of Contract refers to such an offer as "'offer for a unilateral contract,'" adding that "typical illustrations are found in offers of rewards or prizes . . . ." Restatement (Second) of Contracts § 45 comment a.

The process of contract formation in a contest or competition has been described as follows:

> The offer of a prize for the performance of a specified act in a contest . . . constitutes the first part of the normal offer-acceptance consideration equation for the formation of an enforceable contract. By competing in the contest, a competit[or] accepts the offer; by performing the specified act required for winning the contest, he provides the necessary consideration.

*Lucas*, 25 Cl. Ct. at 304 (quoting *Nat'l Amateur Bowlers, Inc. v. Tassos*, 715 F. Supp. 323, 325 (D. Kan. 1989)).[2] Stated in more general terms, "[t]he offer by one party of specified compensation for the performance of a certain act to any or all persons who may accept and comply with its conditions constitutes a promise by the offeror, and the performance of that act is the consideration for the promise. The result is an enforceable contract." 7 Williston on Contracts § 17:6 (4th ed. 2014) (citing cases); *see also Lucas*, 25 Cl. Ct. at 304.

Further support for this conclusion may be found in *Robertson v. United States*, 343 U.S. 711 (1952). In that case, a composer won a prize for the best unpublished symphonic work written by a native born composer. The taxpayer submitted a symphony written by him and won an award of $25,000. *Id.* at 712-13. In holding that the prize money from the competition was taxable as gross income (26 U.S.C. §61), the Supreme Court stated: "In the legal sense payment of a prize to a winner of a contest is the discharge of a contractual obligation. The acceptance by the contestants of the offer tendered by the sponsor of the contest creates an enforceable contract." *Id.* at 713 (1952) (citing 6 Corbin on Contracts § 1489; Restatement of Contracts § 521 (1932)); *accord United States v. Amirikian*, 197 F.2d 442, 443 (4th Cir. 1952); *Glasgow v. Sherman-Williams, Inc.*, 901 F. Supp. 1185, 1194-95 (N.D. Miss. 1995); *see also Chenard v. Marcel Motors*, 387 A.2d 596, 601 (Me. 1978) (promise to give new car to golfer who shot hole in one in golf tournament constituted an offer for a unilateral contract that was accepted when plaintiff shot hole in one).

The materials before the court indicate that a contract was formed between the FTC and each of the competitors when the competitors accepted the offer embodied in the competition by submitting entries. The FTC was obligated to provide the winner of the competition – who followed the rules – the $50,000 first place cash prize. *See Robertson*, 343 U.S. at 713; *Lucas*, 25 Cl. Ct. at 304; *see also Stone v. Comm'r of Internal Revenue*, 23 T.C. 254, 263 (1954); *cf. Roberson v. United States*, 115 Fed. Cl. 234, 242 (2014) (no contract formed in FTC competition where contest entrant did not follow rules). While defendant asserts that there is nothing in the rules of the Contest that legally binds the FTC to pay for the solutions, the detailed rules of the Contest (which go on for 18 pages) plainly suggest otherwise and instead anticipate that the FTC's selection of winning submissions would give rise to a binding contract.[3] In the court's

---

[2] *See also Englert v. Nutritional Sciences, LLC*, 2008 WL 4416597 (Ohio App. Sept. 30, 2008); *Bellows v. Del. McDonald's Corp.*, 522 N.W.2d 707 (Mich. Ct. App. 1994); *Las Vegas Hacienda, Inc. v. Gibson*, 359 P.2d 85 (Nev. 1961).

[3] The Contest rules, which were attached to plaintiff's complaint, provided, in pertinent part, that: (i) all submissions would be judged by an expert panel of impartial judges; (ii) the submissions would be judged by the criteria identified in the rules; (iii) the contestant whose

view, plaintiff has properly alleged that that contract has been breached, potentially providing him with monetary compensation. This requires the court to deny defendant's motion to that extent.[4]

But is plaintiff entitled to the injunctive relief he seeks under the bid protest provisions of 28 U.S.C. § 1491(b)(2)? The court thinks not.

Section 1491(b)(1) provides, in pertinent part, that an "interested party [may object] to a solicitation . . . for bids or proposals for a proposed contract" or to "any alleged violation of statute or regulation **in connection with a procurement or proposed procurement**." (Emphasis added). The Federal Circuit has construed the bolded phrase to "signify the act of obtaining or acquiring something, in the context of acquiring goods or services." *Res. Conservation Group, LLC v. United States*, 597 F.3d 1238, 1244 (Fed. Cir. 2010); *see also Bilfinger Berger AG Sede Secondaria Italiana v. United States*, 97 Fed. Cl. 96, 150 n. 78 (2010). In *Resource Conservation Group*, the Federal Circuit, after reviewing the legislative history of the statute in question, rejected the argument that section 1491(b)(1) grants this court protest jurisdiction over non-procurement disputes (there a dispute over a lease of government property). 597 F.3d at 1244-45; *see also Sys. Application & Techs., Inc. v. United States*, 691 F.3d 1374, 1381 (Fed. Cir. 2012); *Distrib. Solutions, Inc. v. United States*, 539 F.3d 1340, 1345 (Fed. Cir. 2008). Consistent with these rulings, in *Lucas*, 25 Cl. Ct. at 307, which also involved a contest, this court opined "competing in a contest and winning the same may well serve to create a contract, but such a contract does not constitute [a] procurement."

Based upon these cases, the court finds that the Contest in question was not a "procurement" within the meaning of 28 U.S.C. § 1491(b)(1) and thus that plaintiff is unable to obtain the injunctive relief that is available under 28 U.S.C. § 1491(b)(2).

The court will not gild the lily. For the reasons stated, the court hereby **GRANTS**, in part, and **DENIES**, in part, defendant's motion. On or before September 26, 2014, the parties

---

submission earned the highest overall score would become the potential winner of the prize; and (iv) that the winning proposal would be awarded $50,000. In addition, the Contest rules provided that "[b]y entering the Submission to this Competition, Contestant grants to the Sponsor and the Administrator, and any third parties acting on behalf of the Sponsor and/or the Administrator, a non-exclusive, irrevocable, royalty-free and worldwide license to use the Submission, any information and content submitted by the Contestant, and any portion thereof, and to display the Solution name, text description, video, and images (but not the Proposal), on the Competition Website, during the Competition and for 36 months after its conclusion."

[4] Contrary to defendant's claims, the court believes that a reasonable reading of the complaint anticipates the possibility of monetary relief. *See* Complaint ¶¶ 34-35 (anticipating that the FTC would pay compensation if plaintiff were to prevail). It is conceivable, however, that damages may be limited, perhaps solely to bid preparation costs. That issue, however, is not resolved by defendant's motion and may require discovery.

shall file a joint status report indicating how this case should proceed, including, as appropriate, a proposed schedule for discovery. Before that date, plaintiff and defendant shall have at least one discussion regarding settlement of this case.

**IT IS SO ORDERED.**

Francis M. Allegra
Judge