# In the United States Court of Federal Claims

No. 13-546C

(Filed Under Seal: July 23, 2015)

(Reissued for Publication: July 31, 2015)[1]

```
*************************************
DAVID FRANKEL,                       *
                                     *
                                     *   FTC "Robocall Challenge" Contest;
              Plaintiff,             *   Disappointed Entrant; Breach of
                                         Contract Claim; Standard of Review;
v.                                   *   Effect of Exculpatory Clauses in
THE UNITED STATES,                   *   Contest Rules; Summary Judgment.
                                     *
              Defendant.             *
*************************************
```

*David Frankel*, Monte Sereno, California, *pro se* Plaintiff.

*Meen Geu Oh,* Trial Attorney, with whom were *Benjamin C. Mizer,* Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.,* Director, and *Steven J. Gillingham,* Assistant Director, Civil Division, Commercial Litigation Branch, U.S. Department of Justice, Washington, D.C., *Theodore (Jack) Metzler,* Federal Trade Commission, Of Counsel, for Defendant.

OPINION AND ORDER ON
CROSS-MOTIONS FOR SUMMARY JUDGMENT

WHEELER, Judge.[2]

This case arises from a contest, the "Robocall Challenge," sponsored by the Federal Trade Commission ("FTC") to develop a solution to the consumer problem of automated

---

[1] The Court issued this opinion under seal on July 23, 2015 and gave the parties until July 30, 2015, to submit any proposed redactions of confidential or other protected information. The parties have represented that they have no redactions. The opinion is published in its original form.

[2] On June 23, 2015, Judge Wheeler received this case by random assignment following a transfer from Judge Francis M. Allegra. In an earlier ruling, Judge Allegra allowed this case to proceed on a breach of contract theory, but held that the contest was not a "procurement" and therefore injunctive relief was unavailable. Frankel v. United States, 118 Fed. Cl. 332 (2014).

"robocalls." Plaintiff David Frankel submitted an entry in the contest, and believes that his proposed solution was superior to the two winning submissions. Mr. Frankel's claim is based upon a breach of contract theory, and he seeks recovery of the $50,000 prize offered in the contest. Mr. Frankel alleges that the FTC's designated judges failed to comply with The Official Rules of the Challenge ("the Rules") for evaluating and ranking submissions. Following discovery, the parties have filed cross-motions for summary judgment.

In his April 6, 2015 motion, Mr. Frankel argues that a contract was formed when he entered the contest. Mr. Frankel alleges that the FTC judges breached the contract by not conducting the judging process in accordance with the Rules. Specifically, Mr. Frankel asserts that his proposal did not receive a proper numerical score, and the two winning proposals do not perform the "blocking" function stipulated by the Rules. Based upon the applicable criteria, Mr. Frankel believes his submission was superior to the two entries that won the contest. Mr. Frankel asks the Court to (1) find that the Government breached the contract, and (2) order the Government to pay him the $50,000 prize for the best technological solution.

In its May 4, 2015 opposition and cross-motion, the Government contends that Mr. Frankel's claim is foreclosed by the exculpatory release clauses in the Rules. These clauses explicitly state that, as a condition of participating, contestants must agree to relinquish their right to litigate claims arising from participation in the contest, and agree that decisions of the judges are final and binding. The Government also asserts, and Mr. Frankel concedes, that there is no evidence of any fraud, bad faith, gross mistake, or dishonesty on the part of the judges. Evidence of this type would be the only basis on which Mr. Frankel's cause of action might succeed. The Court heard oral argument on July 14, 2015.

The Court has fully considered the briefs and evidentiary record submitted by the parties. The Court commends Mr. Frankel for being among the most able and astute *pro se* plaintiffs to appear in this Court. However, for the reasons explained below, Mr. Frankel's motion for summary judgment is DENIED, and the Government's cross-motion for summary judgment is GRANTED.

Factual Background

The FTC, as part of its consumer protection mission, has long pursued a number of approaches to stopping automatically dialed, prerecorded sales calls known as "robocalls." While these calls frequently are illegal, and the agency has brought hundreds of lawsuits against companies and individuals for violations of the Do Not Call List, internet-based telephone technology has increasingly made robocalling easier and law enforcement more difficult. The FTC has undertaken a number of initiatives aimed at developing technology-based solutions to the robocall problem. Under the America COMPETES Reauthorization

Act of 2010, 15 U.S.C. § 3719, agencies are permitted to "carry out a program to award prizes competitively to stimulate innovation that has the potential to advance the mission." Pursuant to this authority, the FTC conducted the Robocall Challenge. As the name suggests, the contest challenged the public to submit innovative, technology-based solutions that would block illegal robocalls, and the FTC offered a $50,000 prize to the best overall solution submitted by an individual or small company.

The Rules described three criteria by which proposed solutions would be evaluated and assigned a weight to each: (1) Does it work? (50%) (2) Is it easy to use? (25%) and (3) Can it be rolled out? (25%). Def.'s Ex. A, 77 Fed. Reg. at 64805, ¶ 10. Each criteria was then explained in further detail. The Rules also included a broad release absolving the FTC of liability arising from the contestants' participation in the contest. Under paragraph 14 of the Rules, each contestant agreed to "[c]omply with and be bound by . . . the decisions of the Sponsor, Administrator, and/or the Competition Judges, which Rules and decisions are binding and final in all matters relating to this competition." Id. at 64807, ¶ 14(a)(i). Further, the release extended to "any and all claims, expenses and liabilities" arising from participation in the contest, and similarly extends to any claim "arising out of or related to a Contestant's entry." Id. at 64807, ¶ 14(a)(ii).

The FTC received nearly 800 entries in response to the contest. After screening those submissions deemed to be facially deficient, an FTC administrator forwarded 268 entries to the expert judges for review. Mr. Frankel's entry, which proposed a system of call tracing and law enforcement to prevent calls from registered robocallers, was included among these 268 submissions. The judges further narrowed the competition to approximately 115 entries that employed filtering-type solutions, which the judges felt best satisfied their contest criteria. Mr. Frankel's submission did not employ a filtering solution, and was therefore excluded from the final 115 entries. Seven finalists received numerical scores, two of which were chosen as the best overall solutions and received awards of $25,000 each.

Mr. Frankel, dissatisfied with the results of the competition, filed a protest with the Government Accountability Office ("GAO"), arguing that "the agency failed to evaluate his entry in accordance with the rules established for the contest." In re David Frankel, No. B-408319 (GAO, June 7, 2013). The GAO dismissed Mr. Frankel's protest for lack of jurisdiction, finding that the FTC's contest did not involve a procurement of property or services. Id. slip op. at 2. On August 6, 2013, Mr. Frankel filed his complaint in this Court alleging that the FTC's failure to adhere to the Rules constituted a breach of contract.

## Standard of Review

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." RCFC 56(a);

Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 247-48 (1986).  A "genuine" dispute is one that "may reasonably be resolved in favor of either party," Anderson, 477 U.S. at 250, and a fact is "material" if it has the potential to significantly alter the outcome of a case under the governing law.  Id. at 248.  When considering cross-motions for summary judgment, the court must evaluate each motion in its own right and resolve any reasonable inferences against the party whose motion is being considered.  First Federal Sav. Bank of Hegewisch v. United States, 52 Fed. Cl. 774, 780 (2002).

It is settled law that entrants to a contest are bound by the official rules and terms of a contract.  E.g., Armato v. Daily News, Inc., 2006 U.S. Dist. LEXIS 2344 (D. N.J. Jan. 23, 2006) (despite misprinting of multiple winning game cards, plaintiffs were bound by the limit on number of prizes); Furgiele v. Disabled Am. Veterans Serv. Found., 116 F. Supp. 375, 376, (S.D.N.Y. 1952), aff'd 207 F.2d 957 (2d Cir. 1953) (participant in word puzzle contest was bound by award committee's decisions). Where, as here, a contract delegates matters of quality or value to a third person, and provides that the decision will be final, the decision may not be overturned without evidence of gross mistake or irregularity that "necessarily impl[ies] bad faith or failure to exercise an honest judgment." E.g., American Pipe & Constr. Co. v. Westchester County, 292 F. 941, 948 (2d Cir. 1923); Kihlberg v. United States, 97 U.S. 398 (1878).

Discussion

The parties agree that a unilateral contract was formed between Mr. Frankel and the FTC when Mr. Frankel accepted the offer embodied in the competition by submitting an entry.  The main issue to be decided is whether Mr. Frankel can avoid the exculpatory clauses found in the contract which state that the FTC is released from liability in disputes arising from contestants' participation in the challenge, and also that the decisions of the judges are final and binding.  For Mr. Frankel to prevail, there must be a material breach in the form of fraud, bad faith, gross mistake or irregularity.

A.  The Judging Process

Mr. Frankel maintains that the Rules provided specific criteria by which every contest entrant would be judged by a panel of three experts.  He states that each submittal was to be assigned a numerical rating for each of the three categories comprising the criteria, adding up to a total overall score.  For example, an entrant that only proposed to block calls on one type of phone would receive a lower numerical rating than one which proposed to block calls on multiple types of phones.  The submission with the highest final score would then receive the $50,000 prize.  Mr. Frankel contends that there is no provision in the Rules stating that the pool of submissions to be scored would first be winnowed down to a particular type or category of solution.  He supports this contention by quoting the Rules at paragraph 9.A, which states that "*all submissions* will be judged by an expert panel of impartial judges." (emphasis added).

4

As recounted above, not all submissions were given a numerical score. Rather, the entries were first narrowed to a pool of 268 entries that were determined to be technical proposals worthy of consideration by the judges. The judges, perhaps overwhelmed by the large number of submissions for review, decided to proceed with only filtering-type solutions. From a remaining pool of 115 entries, the judges analyzed and identified the most sophisticated and comprehensive overall proposals. Mr. Frankel argues that in failing to give his submission proper consideration, the FTC materially breached the contract.

The Government argues that, even disregarding the release language in the contract, its conduct does not constitute a material breach because there was no rule explicitly requiring that each submission receive a numerical score, and nothing in the Rules restricted how the judges would apply the scoring criteria. According to the Government, Mr. Frankel's argument that every entry was entitled to receive a numerical score is merely an attempt to inject ambiguity into the contract and must be rejected. See Alaska Lumber & Pulp Co. v. Madigan, 2 F.3d 389, 392 (Fed. Cir. 1993) (finding that provisions that are clear and unambiguous must be given their plain and ordinary meaning). Furthermore, the Government contends that the judges had broad discretion in deciding how they would judge the contest, and that their choice to narrow the submissions to a specific category of filtering solutions, which they felt would provide the best solution, was well within the contest rules.

None of the events which occurred during the course of the judging process indicate the contest was conducted unfairly or with malicious intent. The FTC representatives acted within their discretion when electing to narrow the submissions to those that they felt best satisfied the criteria, and when evaluating and selecting the winning proposals. As Mr. Frankel concedes, their conduct does not amount to fraud, bad faith, gross mistake, or irregularity which would warrant a finding of material breach. The fact that there might have been a different or more comprehensive way to evaluate the many proposals received does not give rise to a legal action. As long as the expert judges reasonably and properly exercised their discretion, the Court must refrain from second-guessing the contest's outcome.

B. Whether Mr. Frankel is Bound by the Exculpatory Clauses of the Rules

Mr. Frankel maintains that in failing to give his entry a numerical score, and in choosing winning submissions not meeting criteria stated in the Rules, the FTC materially breached the contract. When a material breach occurs, Mr. Frankel argues that he is not bound by the exculpatory clauses of the Rules. The Government, on the other hand, relies heavily on the Rules to support its contention that Mr. Frankel is barred from litigating his contest complaints, as he accepted the decisions of the judges to be final and binding.

The Government first argues that Mr. Frankel's participation in the contest constitutes full and unconditional agreement to the Rules which are final and binding in all

matters relating to the competition. The Government supports this argument with Mr. Frankel's own statements acknowledging that he read the contest rules carefully, and he understood that by submitting his entry he was agreeing to be bound by these rules in their entirety. Where contest terms state that decisions by the judges are final and binding, courts should not interfere with the decision of the judges unless there is evidence of fraud, intentional or gross mistake, irregularity, or lack of good faith. Gillmore v. Proctor & Gamble Co., 417 F.2d 615 (6th Cir. 1969). Mr. Frankel admits that he has no evidence of bad faith, malicious intent or fraud, and that he does not believe the judges intended to be unfair. The Government therefore argues that in the absence of any evidence of fraud or bad faith, Mr. Frankel is contractually bound to accept the judges' decisions as final.

The Government further alleges that by entering the contest, Mr. Frankel absolved the FTC of any liability in connection with his participation in the contest. The Rules state that participants agree to "release, indemnify, defend and hold harmless the [FTC] . . . from and against any and all claims, expenses and liabilities." 77 Fed. Reg. at 64807. This release covers all claims related to a contestant's participation in the contest, including prizes and technical or human error that may occur in administration of the competition. Id. at 64807 ¶ 14(B)(iv). Just as with the provision regarding the finality of the judges' decisions, the Government contends that Mr. Frankel is bound by these releases. See, e.g. Bunting v. Atl. Refining & Mktg. Corp., 1991 U.S. Dist. LEXIS 11543 at *4-5 (E.D. Pa. 1991) (holding contest entrants bound to releases that "discharge the defendant . . . from any further claims arising out of the sweepstakes.").

Without any evidence of fraud or bad faith required to sustain a claim for material breach, Mr. Frankel has failed to meet his burden of proof. By entering the contest, Mr. Frankel agreed to be bound by the decisions of the judges, and understood that the FTC would not be subject to liability for issues arising from his participation in the contest. To allow Mr. Frankel to proceed with his claims absent such evidence would not only negate the explicit terms of the contract, but would also open the door for every other participant to challenge the decisions of judges in future contests. Mr. Frankel's argument that his submission to the Robocall Challenge is superior to those submissions ultimately deemed the winners is thus precluded by the contractual releases. There is no need to explore further Mr. Frankel's complaints about the judges' evaluation of proposals.

## Conclusion

Upon consideration of the motions before the Court, Plaintiff's motion for summary judgment is DENIED, and Defendant's cross-motion for summary judgment is GRANTED. As explained, the outcome of this case turns on the legal standard that absent evidence of fraud, bad faith, gross mistake or irregularity, the decisions of the judges are final and binding. Accordingly, Mr. Frankel's complaint is dismissed with prejudice.

This decision is issued under seal. On or before July 30, 2015, the parties shall carefully review this opinion for confidential information, and submit to the Court proposed redactions to this opinion, if any, before it is released for publication. The parties are requested to minimize their requested redactions so that the Court may publish as much of the decision as possible.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge
